**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:12-cv-56-RLV**
**(5:06-cr-22-RLV-CH-2)**

| | | |
|---|---|---|
| **GERARD MONTERO FELDER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion

to Dismiss, (Doc. No. 10).

**I.  BACKGROUND**

In June 2007, Petitioner pled guilty, pursuant to a written plea agreement, to one count of

conspiracy to possess with intent to distribute a quantity of cocaine and cocaine base, under 21

U.S.C. § 846.  See (Criminal Case No. 5:06-cr-22-RLV-CH-2, Doc. No. 3: Indictment; Doc. No.

370: Plea Agreement; Doc. No. 402: Acceptance and Entry of Guilty Plea).  The agreement

specified that more than 1.5 kilograms of cocaine base was foreseeable to Petitioner.  (Id., Doc.

No. 370 at 2).  The agreement also specified that the base offense level for Petitioner's offense

was 38.  (Id.).  Under the terms of his plea agreement, Petitioner waived his rights to appeal and

collaterally attack his conviction and sentence.  The agreement states that Petitioner and his

attorney discussed Petitioner's "rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and

similar authorities to contest a conviction and/or sentence through an appeal or post-conviction

[motion] after entering into a plea agreement." (Id. at 4). The agreement further states:

> [Petitioner], in exchange for the concessions made by the United States in this plea agreement, waives all such rights to contest the conviction and/or the sentence except for: (1) claims of ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) the sentence, but only to the extent [Petitioner] contests the sentence on the basis that one or more findings on guideline issues were inconsistent with the explicit stipulations contained in any paragraph in the plea agreement filed herein, or on the basis of an unanticipated issue that arises during the sentencing hearing and which the District Judge finds and certifies to be of such an unusual nature as to require review by the Fourth Circuit Court of Appeals.

(Id.).

This Court conducted a thorough plea colloquy before accepting Petitioner's plea of guilty. During that colloquy, the Government described the waivers contained in the plea agreement on the record, and Petitioner explicitly affirmed under oath that he understood that he was expressly waiving his right to challenge his conviction and sentence in a post-conviction proceeding. (Id., Doc. No. 805 at 12; 16: Tr. of Plea and Rule 11). This Court found that Petitioner's plea was "knowingly and voluntarily made, and that [Petitioner] underst[ood] the charges, potential penalties and consequences of the plea." (Id. at 19).

Before Petitioner was sentenced, the Probation Office prepared a Presentence Report ("PSR"), which calculated a total offense level of 38. (Id., Doc. No. 1107 at 13: PSR). Although Petitioner's plea agreement contemplated that Petitioner's offense level could be reduced by as many as three points under U.S.S.G. § 3E1.1 for acceptance of responsibility if Petitioner met the requirements, (Id., Doc. No. 370 at 2), the PSR concluded that Petitioner did not qualify for any reduction under that section. (Id., Doc. No. 1107 at 11-12). While released by this Court on bond, Petitioner had tested positive for cocaine, and when officers searched his house they discovered crack cocaine and marijuana, in addition to scales and a razor blade with residue. (Id.

at 11).  Petitioner sought to escape from the officers who conducted the search by running out the back door of his residence.  (Id.).  Officers recovered $300 in currency when they caught him.  (Id.).  Petitioner was arrested and charged with several offenses by state authorities, and the Probation Office concluded that Petitioner "did not terminate or withdraw from further criminal conduct.  Furthermore, he has continued in criminal conduct similar to the instant offense which clearly indicates a lack of acceptance of responsibility."  (Id. at 11-12).  The PSR also concluded that U.S.S.G. § 2D1.1(b)(1) called for a two-offense-level upward adjustment because Petitioner possessed a firearm during the course of the conspiracy.  (Id. at 12).

As for Petitioner's criminal history, the PSR determined that Petitioner had six criminal history points based on prior convictions between 2000 and 2003, for crimes ranging from carrying a concealed weapon to possession of controlled substances to reckless driving.  (Id. at 15-18).  Petitioner received an additional two criminal-history points because his federal offense was committed while he was on probation and another point because it was committed within two years of his release from custody on another charge.  (Id. at 18).  The PSR determined that Petitioner had earned nine criminal-history points in total, which established a criminal history category of IV.  (Id.).

Petitioner submitted several objections to the PSR.  (Id. at 27-29).  Petitioner did not object to the determination that he was not entitled to a reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, nor did Petitioner object to the six criminal history points that he received for prior convictions between 2000 and 2003.  (Id.).  Petitioner did object to the two-offense-level increase under U.S.S.G. § 2D1.1(b)(1), arguing that he did not possess a firearm during the course of the conspiracy.  (Id. at 27).  The Probation Officer considered this objection

and concluded that the adjustment remained appropriate. (Id. at 27-28).

Before this Court sentenced Petitioner, it reviewed his guilty plea and, without objection from Petitioner, affirmed the magistrate judge's decision accepting it. (Id., Doc. No. 779 at 2-3: Sentencing Tr.). Petitioner affirmed that he had pleaded guilty pursuant to a written plea agreement, and that he had done so "freely and voluntarily." (Id. at 2). He also affirmed that he remained satisfied with the services of his attorney. (Id.). The Court determined that the PSR accurately calculated Petitioner's offense level of 38 and criminal history category of IV and that the guidelines advised a range of 324 to 405 months of imprisonment. (Id. at 4). The Court sentenced Petitioner to a term of imprisonment of 324 months, the bottom of the guidelines range. (Id. at 17).

Petitioner filed a notice of appeal, but on October 13, 2009, the Court of Appeals for the Fourth Circuit granted the Government's motion to dismiss Petitioner's appeal based on the waiver provision in Petitioner's plea agreement. United States v. Felder, No. 08-4482 (4th Cir. Oct. 13, 2009). Petitioner did not file a petition for a writ of certiorari in the Supreme Court. Petitioner placed the instant petition in the prison system for mailing on May 2, 2012, and it was stamp-filed in this Court on May 7, 2012.[1] On November 7, 2014, Petitioner filed what appears to be a copy of the same motion. (Doc. No. 4).

In the motion to vacate, Petitioner seeks to collaterally attack three of this Court's determinations under the United States Sentencing Guidelines. First, Petitioner contends that he should receive a three-point reduction for acceptance of responsibility because some of the state

---

[1] During the pendency of this action, this Court reduced Petitioner's sentence from 324 months to 262 months of imprisonment under the crack cocaine amendments. (Criminal Case No. 5:06-cr-22-RLV-CH-2, Doc. No. 1073).

charges that resulted from the criminal conduct in which he engaged while released on bond for his federal offense were dismissed. (Doc. No. 1 at 6). Second, Petitioner contends that the series of offenses for which he had previously been convicted between 2000 and 2003 should not have been included in his criminal history score because the offenses do not meet the definition of "felony drug offense" under 21 U.S.C. § 802(44).[2] (Id. at 2-3; 6). Finally, Petitioner contends that he should be relieved of the two-offense-level adjustment that he received for possessing a firearm during the course of the conspiracy. (Id. at 2; 6).

On October 27, 2014, this Court ordered the Government to respond and, after receiving extensions of time, the Government filed its brief in response and the accompanying motion to dismiss on February 27, 2015. (Doc. Nos. 6; 10). The Government argues that this action should be dismissed for four independent reasons: (1) because Petitioner's motion is untimely; (2) because Petitioner's motion is barred by the collateral-attack waiver that he executed as part of his plea agreement; (3) because each of the grounds that Petitioner seeks to raise is procedurally barred; and (4) none of the grounds that Petitioner seeks to raise is cognizable under Section 2255. On March 23, 2015, the Court notified Petitioner of his right to respond to the motion to dismiss, and Petitioner filed his response on April 2, 2015. (Doc. Nos. 13; 14).

## II.   STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

---

[2]  To the extent that Petitioner is contending in his petition that he is entitled to relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), based on his contention that his criminal history score is incorrect, it is well settled that "the rule of Simmons has no bearing upon the calculation of petitioner's criminal history category under the Sentencing Guidelines." White v. United States, No. 4:11-cv-83-FL-1, 2013 WL 97414, at *3 (E.D.N.C. Jan. 8, 2013).

proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

The Court agrees with the Government that the petition is time-barred and that Petitioner's claims are subject to dismissal on other, alternative, grounds as well. On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner's judgment of conviction became final on January 11, 2010, when Petitioner's time to file a petition for writ of certiorari expired. See Clay v. United States, 537 U.S. 522, 525 (2003). Petitioner's motion to vacate, filed more than two years later, is untimely under Section 2255(f)(1), and none of the other subsections applies to render the petition timely. Furthermore, Petitioner has not presented sufficient grounds for the Court to

apply equitable tolling.  See Whiteside v. United States, 775 F.3d 180, 181 (4th Cir. 2014) (en banc).

In addition to the fact that the § 2555 petition is time-barred, Petitioner waived the right in his plea agreement to bring the claims he raises in his petition.  Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily.  See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.").  Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding.  The grounds that he seeks to assert are clearly within the scope of the waiver.  The plea agreement waives all but four categories of grounds for collateral attack: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) findings on guideline issues inconsistent with the explicit stipulations contained the plea agreement; and (4) unanticipated issues arising during the sentencing hearing that this Court certified to require review by the Fourth Circuit.  None of the grounds that Petitioner seeks to raise fall within any of these exceptions, and Petitioner's motion is subject to dismissal on this alternative ground.

Next, even if Petitioner's § 2555 petition were timely and raised grounds that had not been waived, it would remain subject to dismissal for an additional reason.  Petitioner did not previously raise his current challenge to his criminal history score or his entitlement to an offense level adjustment for acceptance of responsibility.  Accordingly, he cannot raise those

issues on collateral attack unless he can show cause and actual prejudice. United States v. Pettiford, 612 F.3d 270, 279 (4th Cir. 2010). Petitioner cannot identify any cause for his failure to pursue these arguments earlier. "The existence of cause for a procedural default must turn on something external to the defense," id., and Petitioner had the opportunity to raise these issues in response to the PSR or during his sentencing hearing. Nor can he establish prejudice, as Petitioner's motion identifies nothing that demonstrates the PSR or this Court's determinations were incorrect. As to Petitioner's challenge to the two-point adjustment he received for possessing a firearm during the course of the conspiracy, this claim "is substantively the same as the claim previously rejected" by this Court when the Court sentenced him. Mincey v. United States, No. 5:05CR252, 2010 WL 3607680, at *4 (W.D.N.C. Sept. 13, 2010). Petitioner has identified nothing on collateral review that would restore the viability of this failed claim. Id. Finally, none of the grounds that Petitioner seeks to raise are cognizable on a motion under 28 U.S.C. § 2255, as each ground challenges only a determination by this Court under the United States Sentencing Guidelines. "Guideline claims ordinarily are not cognizable in § 2255 proceedings." United States v. Goines, 357 F.3d 469, 477 (4th Cir. 2004). Petitioner makes no claim that his sentence "was constitutionally defective or flawed in a fundamental way." Pettiford, 612 F.3d at 278. Accordingly, the grounds that Petitioner raises are not cognizable under Section 2255.

In sum, for the reasons stated herein, Petitioner is not entitled to relief under Section 2255.

IV.    CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is denied and dismissed

with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1.   Petitioner's Section 2255 motion, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED** with prejudice.  To this extent, the Government's Motion to Dismiss, (Doc. No. 10), is **GRANTED**.

2.   **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: April 9, 2015

Richard L. Voorhees
United States District Judge