**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CRIMINAL ACTION NO. 5:06-CR-00022-KDB-DSC**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **ORDER** |
| **GERARD MONTERO FELDER,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant Gerard Montero Felder's Motion for Reduced Sentence under the First Step Act of 2018. (Doc. No. 1383). Having carefully reviewed the motion, the parties' briefs, and all relevant portions of the record, the Court will grant in part and deny in part Defendant's motion and impose a reduced aggregate sentence of two hundred ten (210) months and a supervised release term of eight (8) years.

## I. BACKGROUND

Between 1999 and 2005, Defendant participated in a cocaine-trafficking conspiracy that distributed large quantities of crack and powder cocaine in Caldwell, Burke, and Catawba Counties. (Doc. No. 1107, ¶¶ 5,8). When Defendant was arrested, he was carrying both crack cocaine and a .380 caliber handgun. *Id.* ¶ 8. A federal grand jury indicted Defendant and 22 co-conspirators with conspiracy to possess with intent to distribute powder and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. (Doc. No. 3, Count 1). Defendant was indicted on two more counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841. (Doc. No. 3, Counts 6 & 7).

In June 2007, Defendant pled guilty to one count of violating 21 U.S.C. § 841(b)(1)(A) by conspiring to possess 50 or more grams of cocaine base with the intent to distribute. (Doc. No. 370, 402). At the time of his offense, the charge carried a statutory penalty range of 10 years to life. However, because the Government filed a Section 851 notice of a prior conviction, Defendant originally faced a statutory range of 20 years to life and a minimum supervised release term of 10 years. (Doc. No. 1107, ¶¶ 90, 93). As part of the plea, the parties stipulated that "[t]he amount of cocaine base that was known to or reasonably foreseeable by the defendant was in excess of 1.5 kg." (Doc. No. 370, ¶ 7.a). The United States Probation Office prepared a Presentence Report and calculated a total offense level of 38 based on Defendant's responsibility for more than 1.5 kilograms of crack cocaine. (Doc. No. 1107, ¶¶ 37, 44). Defendant's applicable guidelines range at the time of sentencing was 324–405 months. The Court imposed a sentence of 324 months. (Doc. No. 709).

In 2012, the Court reduced Defendant's sentence based on the Sentencing Commission's retroactive Amendment 750. (Doc. No. 1073). The new amendment dropped Defendant's guidelines range from 324–405 months to 262–326 months. (Doc. No. 1030). The Court reduced Defendant's sentence to 262 months, the low-end of the guideline range under Amendment 750. (Doc. Nos. 1030, 1073). Later, when the Sentencing Commission passed retroactive Amendment 782, Defendant's guidelines range dropped again, this time to 240–262 months. (Doc. No. 1212, at 3). If not for the statutory minimum sentence of 240 months, the low end of the guidelines range would have been 210 months. *Id.* The Court reduced Defendant's sentence to 240 months pursuant to Amendment 782. (Doc. No. 1215). Defendant now requests this Court reduce his sentence to Time Served and a supervised release term of eight years under the First Step Act of 2018.

## II. LEGAL STANDARD

A sentence of imprisonment is final and may not be modified once it has been imposed except in narrow circumstances. 18 U.S.C. § 3582(c). One such narrow circumstance is when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

The First Step Act of 2018 expressly permits sentencing modifications. § 404, 132 Stat. at 5222. As relevant here, the First Step Act makes retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act "reduces the statutory penalties for cocaine base offenses" to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). Section 2 of the Fair Sentencing Act modified the drug quantities required to trigger mandatory minimum sentences for cocaine base (often referred to as crack cocaine) trafficking offenses; it increased the amount required to trigger the five-year mandatory minimum from 5 grams to 28 grams and increased the amount required to trigger the ten-year mandatory minimum from 50 grams to 280 grams. *See United States v. Wirsing*, 943 F.3d 175, 179 (4th Cir. 2019) (citing Fair Sentencing Act, § 2, 124 Stat. at 2372). Section 3 eliminated the five-year mandatory minimum for simple possession of crack cocaine. *Id.* (citing Fair Sentencing Act, § 3, 124 Stat. at 2372).

The relevant provisions of the First Step Act apply to "a covered offense," which means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." § 404(a), 132 Stat. at 5222. The First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404, 132 Stat. at 5222.

"Even if a defendant is eligible for a sentence reduction, however, the decision whether to grant a reduction is entrusted to the district court's discretion." *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020) (citing § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")). When exercising its discretion, a district court considers the factors set forth in Section 3553(a). *See* 18 U.S.C. § 3553(a).

## III. DISCUSSION

When a defendant seeks a reduced sentence under Section 404 of the First Step Act, this Court's review proceeds in two steps. First, the Court must determine whether the defendant was sentenced for a "covered offense" as defined by the Act, and is, therefore, eligible for a sentence reduction. The Fourth Circuit in *United States v. Wirsing*, 943 F.3d 175, held that any defendant who is serving a sentence "for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act" is eligible to "seek a reduction under the First Step Act." *Id.* In June 2020, the Fourth Circuit held that a conviction under 21 U.S.C. § 841(b)(1)(C) is also a covered offense and renders a defendant eligible for a First Step Act reduction. *United States v. Woodson*, -- F.3d --, No. 19-6976, 2020 WL 3443925 (4th Cir. June 24, 2020). Here, the Court agrees with the parties that Defendant is eligible for a reduction because he was convicted of a "covered offense" for which the First Step Act authorizes a reduced sentence.

Second, even if a defendant is eligible, the Court exercises its discretion to determine whether a reduced sentence is appropriate. In doing so, the Court considers the Section 3553(a) factors, including the now-applicable guidelines range and any mitigating evidence arising from the defendant's post-sentencing rehabilitation. *See United States v. Martin*, 916 F.3d 389 (4th Cir.

2019). District courts are given broad discretion in deciding whether to grant a sentence reduction under Section 404 of the First Step Act. *See Jackson*, 952 F.3d at 495.

In his motion, Defendant submits that a sentence of Time Served plus eight years of supervised release is warranted under the Section 3553(a) factors. While Defendant's now-applicable guidelines range is 210 to 262 months, Defendant argues that the Section 3553(a) factors support a one- or two-level variance from the now-applicable guidelines range. A one- or two-level variance would result in a Time Served sentence or very close to a Time Served sentence. He points to three specific reasons for a downward variance: (1) evidence of post-sentencing rehabilitation; (2) his total offense level overstates the seriousness of his offense; and, (3) the COVID-19 pandemic "presents a unique danger to individuals incarcerated within the Bureau of Prisons." (Doc. No. 1383, at 11-13). The Government consents to a reduction in Defendant's sentence to 210 months but opposes Defendant's argument that the Section 3553(a) factors support a one- to two-level variance from the now-applicable guidelines range.

The Court agrees to reduce Defendant's sentence to 210 months based upon the Government's consent and the Section 3553(a) factors. However, the Court does not agree that the Section 3553(a) factors warrant a downward variance from the now-applicable guidelines range.

Defendant's post-sentencing rehabilitation does not support a sentence of Time Served. Defendant argues that he has only incurred a few minor disciplinary infractions while in BOP custody and has completed approximately 30 educational programs and work assignments, including earning his GED. While Defendant's post-sentencing rehabilitation efforts are laudable, they are not extraordinary, and are counter-balanced by the seven disciplinary infractions he incurred while in BOP custody. Additionally, as the Government points out, the nature and circumstances of Defendant's offense counsel against a downward-variance sentence. Defendant

was responsible for the distribution of more than 1.5 kilograms of crack cocaine, and he participated in the conspiracy offense for approximately six years. When Defendant was arrested, he was carrying both crack cocaine and a handgun. His criminal history includes numerous criminal offenses, including a conviction for felony possession of crack cocaine in 2000, several convictions for resisting a police officer, and other drug-possession convictions. (Doc. No. 1107, ¶¶ 50-52, 54, 58-60).

Next, Defendant argues that his total offense level overstates the seriousness of his offense because, despite pleading guilty, he did not receive the ordinary three-level reduction for acceptance of responsibility. (Doc. No. 1107, ¶¶ 33-34, 44). At sentencing, the Court found that Defendant had not accepted responsibility for his offense conduct because he received new state criminal charges while out on bond. Even though the state charges were ultimately dismissed, they were dismissed prior to Defendant's sentencing and properly considered by the sentencing Court. (Doc. No. 779, at 11). This issue was correctly decided by the sentencing Court and it will not be revisited.

Defendant also cites to the ongoing COVID-19 pandemic as a factor that weighs in favor of a downward variance. Generalized concerns regarding the spread of COVID-19 are not a reason to reduce Defendant's sentence below the now-applicable guidelines range.

Finally, the Court finds that a sentence of 210 months will not result in unwarranted sentencing disparities and will serve the sentencing objectives described in 18 U.S.C. § 3553(a).

## IV. ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence under the First Step Act of 2018, (Doc. No. 1383), is **GRANTED IN PART** and **DENIED IN PART**. The

Court hereby orders that Defendant's term of imprisonment and commitment to custodial authorities is reduced to an aggregate sentence of **TWO HUNDRED TEN (210) MONTHS.**

**IT IS FURTHER ORDERED** that Defendant, upon release from imprisonment, shall be placed on a supervised release term of eight (8) years on Count 1.

All other terms and conditions of Defendant's sentence remain in full force and effect.

**SO ORDERED.**

Signed: July 2, 2020

Kenneth D. Bell
United States District Judge